UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ROGER DALE SEVIER, | ( |
| Plaintiff | ( Civil No: 10-314-GFVT |
| V. | ( |
| | ( **MEMORANDUM OPINION** |
| | ( **AND ORDER** |
| CHAD GREGORY, *et al.* | ( |
| Defendants | ( |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Roger Dale Sevier, confined in the Clay County Detention Center ("CCDC") located in Manchester Kentucky, has filed a *pro se* civil rights Complaint asserting claims under 42 U.S.C. § 1983 against Chad Gregory, Knox County Deputy Sheriff, and Joseph Vicini, former Laurel County Deputy Sheriff.[1] As Sevier has previously been granted *in forma pauperis* status, [R. 10] and because he asserts claims against government officials, the Court must screen the Complaint under 42 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* §§ 1915(e) and 1915A.

---

[1] Sevier stated that Vicini no longer works for the Laurel County Sheriff's Department and that he no longer resides in Kentucky. [*See* R. 2-2, p. 1.]

1

**I.**

Sevier alleges that on February 10, 2010, Gregory and Vicini entered a residence at 19 Hopkin Hill Road in Corbin, Kentucky, without a search warrant, searched the residence, arrested him without reading him his legal rights in violation of his civil rights.[2] Sevier did not identify what criminal charges were filed against him, but he stated that a suppression hearing was scheduled for December 2, 2010, in the Knox County Circuit Court, Case No. 10-CR-079-1. Sevier states that as a result of his unlawful arrest and resulting confinement in the CCDC, he has been unable to work and his family has suffered undue hardships. He asks this Court to ". . . help me get my life back and Knox Co. And Laurel Co. Sheriff Dept. to pay for my losses and a year [sic] salary." [R. 2-4, p. 4]

**II.**

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). At the screening phase, the allegations and legal arguments in a *pro se* complaint must be taken as true and construed in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). But as noted, a district court must dismiss any case which it determines is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

---

[2] Sevier states that he had been at the residence only ten minutes before the defendants arrived.

As Sevier correctly notes, criminal charges were filed against him in the Knox Circuit Court. *See Commonwealth of Kentucky v. Sevier*, Knox Circuit Case No. 10-CR-00079-01 ("the Knox Circuit Criminal Case"). The Court takes judicial notice of the official proceedings in the Knox Circuit Criminal Case, the docket sheet of which is public record.

According to that docket sheet, Sevier was indicted in Knox Circuit Court on May 28, 2010, for manufacturing methamphetamine, trafficking in a controlled substance, unlawful possession of a methamphetamine precursor, and being a persistent felony offender in the second degree. On April 28, 2011, Sevier pleaded guilty to one charge of manufacturing methamphetamine, and the other three related charges were dismissed. The docket sheet does not reveal what sentence was imposed on Sevier, but it does reveal that: (1) on June 8, 2011, Sevier filed a motion seeking shock probation; (2) on June 21, 2011, that motion was denied; (3) on June 14, 2011, Sevier filed motions seeking permission to withdraw his guilty plea and to file an appeal; and (4) on July 22, 2011, a Notice of Appeal was filed.[3]

To the extent that Sevier alleges that Gregory and Vicini violated his constitutional rights by conducting a search without a warrant on February 10, 2010, and to the extent that he seeks damages from them based on that conduct, his claims are barred at this time by the doctrine set forth in *Heck v Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

---

[3] Under the July 22, 2011 "Notice of Appeal" entry in the docket sheet, the following notation appears: "Clerk instructed to prepare Notice of Appeal by Court." As of July 27, 2011, the website for the Kentucky Court of Appeals, http://apps.courts.ky.gov/Appeals/COA-Dockets,

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. Thus, before Sevier can seek damages in a federal civil rights suit against those involved in his criminal case, he must show a favorable termination of his criminal conviction, which essentially requires a showing that his conviction has been overturned or set aside.

In this action, Sevier challenges the defendants's alleged failure to obtain a search warrant prior to searching the residence where he was arrested on February 10, 2010, and their alleged failure to read him his rights at the time of his arrest. Sevier either asserted, or could have asserted, such constitutional challenges in the Knox Circuit Criminal Case. Regardless of whether Sevier raised those challenges while his criminal case was pending, he subsequently pleaded guilty to manufacturing methamphetamine on April 28, 2011. Thus, Sevier now stands convicted of an offense arising from his arrest on February 10, 2010.

It appears that the Sevier may have appealed that conviction. But unless and until Sevier's recent criminal conviction is set aside in that appeal or by other judicial means, he cannot show a favorable termination of his criminal conviction. Therefore, under *Heck*, Sevier cannot collaterally attack his criminal conviction in this § 1983 civil rights action.

Further, the *Rooker-Feldman* doctrine bars Sevier's claims against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated

---

does not list an appeal under Sevier's name, but since the Notice of Appeal was just filed on July 22, the appeal may not have yet posted to that court's electronic filing system.

and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Thus, Sevier must appeal his conviction through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

If Sevier has filed an appeal and intends to pursue it, this Court cannot interfere with that pending appeal by entertaining this § 1983 action, which again is nothing more than a collateral attack on his state court criminal conviction. Under the abstention doctrine, a federal court must abstain from deciding a case that would be properly before it but for the pendency of a state criminal proceeding in the matter. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). This Court must therefore abstain from exercising its subject matter jurisdiction over the § 1983 claims Sevier asserts in this case, because doing so would result in unnecessary interference with an ongoing state judicial (appellate) proceeding.

In summary, this Court cannot entertain Sevier's § 1983 claims against the defendants involved in his arrest on February 10, 2010. If, and only if, Sevier's appeal is successful and his conviction is set aside or called into question by another court authorized to do so, may

he subsequently have standing to assert a civil rights action based on the alleged events of his arrest.

### III.

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Roger Dale Sevier's 42 U.S.C. § 1983 Complaint, [R. 2] is **DISMISSED WITHOUT PREJUDICE** pursuant to *Heck v Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37, 44 (1971).

2. The Court will enter a separate Judgment.

This the October 13, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge